UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAYTON LAWSON,

    Plaintiff,

v

WEC 2001A-DC-2A, LLC, a foreign limited liability company, CAREMARK MICHIGAN SPECIALTY PHARMACY, LLC, a domestic limited liability company, CVS MICHIGAN, LLC, a domestic limited liability company, CVS PHARMACY, INC., a foreign profit corp., CVS HEALTH, a foreign profit corp., CVS WAREHOUSE, individually,

    Defendants.

CASE NO.

HON.

Removed from Oakland County Circuit Court Case No. 2019-171054 NO

---

Brian L. Fantich (P60935)
Carra J. Stoller (P64540)
Adam J. Gantz (P58558
LAW OFFICES OF KELMEN & FANTICH
Attorneys for Plaintiff
30903 Northwestern Hwy., Suite 270
Farmington Hills, MI 48334
(248) 855-0100

Edward N. Lynch (P43800)
SMITH HAUGHEY RICE & ROEGGE
Attorney for CVS Michigan, LLC
213 S. Ashley, Suite 400
Ann Arbor, MI 48104
734-213-8000
elynch@shrr.com

---

## **NOTICE OF REMOVAL**

    Defendant, CVS MICHIGAN, LLC, a domestic limited liability company, through its attorneys, SMITH HAUGHEY RICE & ROEGGE, files this Notice of

Removal of this action from the Sixth Judicial Circuit Court of Michigan, County of Oakland, City of Pontiac, Case No. 2019-171054 NO, where it is currently pending, to the United States District Court for the Eastern District of Michigan. As grounds for the removal of this action, Defendant states as follows:

1. This action was commenced in the Sixth Judicial Circuit of Michigan, County of Oakland, City of Pontiac, on January 11, 2019, bearing case number 2019-171054 NO. A copy of the Summons and Complaint served upon Defendant is attached as **Exhibit A**.

2. Removal of this case is timely as this notice is filed within 30 days after service of the Summons and Complaint on Defendant.

3. This is a civil action under which this Court has jurisdiction pursuant to diversity jurisdiction under 28 USC § 1332.

4. Plaintiff is a resident of the State of Michigan. (See Plaintiff's Complaint, ¶1).

5. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ..." 28 USC § 1332(c)(1).

6. Defendant CVS MICHIGAN, LLC, a domestic limited liability company has its principal place of business in the state of Rhode Island. Defendant

CVS MICHIGAN, LLC, is a one member LLC. Its only member is CVS Pharmacy, Inc., which is a Rhode Island corporation, and has its principal place of business in the State of Rhode Island. Because CVS MICHIGAN, LLC is a limited liability company, it is considered "a citizen of any state of which a member of the company is a citizen." Mallory & Evans Contrs & Eng'rs, LLC v Tuskegee Univ, 663 F3d 1304, 1305 (11th Cir. 2011). Thus, as such, CVS MICHIGAN, LLC is considered a citizen of Rhode Island for purposes of diversity. Defendant WEC 2001A-DC-2A, LLC, is a foreign limited liability company, is a Delaware limited liability company with its principal place of business in the State of Texas. The remaining Defendants named in the suit are not citizens of the State of Michigan, and have/are to be dismissed by way of stipulation of the parties.

7. Therefore, complete diversity exists between the parties. See 28 of USC § 1332(a)(1).

8. In his Complaint, Plaintiff contend that his damages are in excess of $25,000.00. Plaintiff further alleges that his injuries and damages include, but are not limited to, a "fractured right foot resulting in nerve damage; permanent scarring; diminished extension, flexion, and range of motion; altered gait, permanent limp, inability ambulate, injuries to back, neck and head; injuries to upper and lower extremities; decrease in gross and find (sic) motor skills, severe shock, as well as physical pain and suffering; the requirement of months of intense therapy, which

3

injury is permanent in nature; severe humiliation and embarrassment, which is of an ongoing and permanent nature; loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent; past, present and future hospital, medical and pharmaceutical bills for treatment and medication; severe, frequent and persistent pain which is of a continuing and permanent nature. While Defendant denies any liability to Plaintiff whatsoever, if Plaintiff's allegations are proved to be true, the amount in controversy would exceed the sum or value of $75,000, exclusive of interest, costs, and attorney fees.

9. Therefore, pursuant to L.R. 81.1(a) and (b) and 28 USC § 1332(a), the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs, and attorney fees.

10. As a result, this court has diversity jurisdiction over the action pursuant to 28 USC § 1332 because there is complete diversity between the parties and the amount in controversy requirement is satisfied.

11. Venue for removal is proper in this district and division under 28 USC § 1441(a) because this district and division embrace the Sixth Circuit Court for Oakland County, Michigan, in the forum in which the removed action was pending.

12. A true and correct copy of this Notice of Removal has been filed with the Sixth Circuit Court, Michigan and served upon all parties of record. **Exhibit B.**

WHEREFORE, Defendant requests that the above-referenced case now pending in the Sixth Circuit Court for Oakland County, Michigan be removed to the United States District Court for the Eastern District of Michigan.

Date: February 15, 2019	By:	/s/ Edward N. Lynch
		Edward N. Lynch (P43800)
		SMITH HAUGHEY RICE & ROEGGE
		Attorney for CVS Michigan, LLC
		213 S. Ashley, Suite 400
		Ann Arbor, MI 48104
		734-213-8000

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, the foregoing document was filed with the Clerk of the Court using the ECF System which will give notice to all counsel of record.

/s/ Edward N. Lynch

SHRR\4527940.v1